UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF MASSACHUSETTS

```
*********************************
Richard Rich and Lori Bryan,     )
    Plaintiffs                   )
                                 )
v.                               )
                                 )   CASE NO.
Zurich American Insurance Company)
and Gallagher Bassett Services, Inc., )
    Defendants                   )
*********************************
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiffs Richard Rich and Lori Bryan are New Hampshire residents with an address of 85 Milford Street, Manchester, NH, 03102. At all times relevant, the Plaintiff Lori Bryan was the lawful wife of the Plaintiff Richard Rich.

2. Defendant, Zurich American Insurance Company (hereinafter "Zurich"), on information and belief is a New York corporation with a principal place of business located at 1400 American Lane, Schaumburg, IL, 60196.

3. Zurich conducts business in the Commonwealth of Massachusetts and is registered/licensed to conduct the business of insurance in this Commonwealth with the Commonwealth of Massachusetts, Division of Insurance.

4. Upon information and belief, Gallagher Bassett Services, Inc. is the authorized agent and claims manager and administrator for Zurich and for the policy or policies applicable to Middlesex Corporation and its employees, the Defendants in the Underlying Action.

5. The Defendant Gallagher Bassett Services, Inc., is a Delaware Corporation, whose principal office is located in Rolling Meadows, IL, but with a local office located in Braintree, MA.

6. Gallagher Bassett Services, Inc. (hereinafter "Gallagher Bassett'), at all relevant times has been licensed to conduct business in the Commonwealth of Massachusetts and its registered agent is The Prentice-Hall Corporation System, Inc., of 84 State Street, Boston, MA.

7. Jurisdiction is invoked pursuant to 28 U.S.C. §1332(a), based on diversity of citizenship. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that the underlying personal injury of August 31, 2015, occurred in Wilmington, MA, and the subsequent litigation over said injury are being pursued in this court in case: Richard Rich, et al v. Middlesex Corporation, et al, Case No.: 1:18-cv-11667 (hereinafter the "Underlying Action").

9. Upon information and belief, Zurich insurance company, is an insurer which issued at least one liability insurance policy to Middlesex Corporation, the Defendant in the underlying action. Specifically, Zurich is identified as the insurer on Policy # BAP 0381370-00, in effect between July 1, 2015 and July 1, 2016, which policy was produced by Defense Counsel in the Underlying Action.

10. Upon information and belief, Gallagher Bassett Services, Inc., is the authorized agent and claims manager and administrator for Zurich and for the policy or policies applicable to Middlesex Corporation, the Defendant in the Underlying Action.

11. Upon information and belief, Ms. Susan Keys was the Claims Manager assigned to the Underlying Action by the Defendant Gallagher Bassett Services, Inc. Gallagher Bassett gave matter the following claim number: 001960-079666AD-01.

12. Attorney Kenneth Walton of Lewis Brisbois voice of Boston, MA, was assigned defense counsel (hereinafter "Defense Counsel") retained by the Defendants to defend the Underlying Action on behalf of the two separate Defendants.

**FACTS**

13. Gallagher Bassett exercise day-to-day management of the Underlying Action for Zurich.

14. Gallagher Bassett, at all times relevant hereto, was responsible for the supervision of Defense Counsel in the Underlying Action for Zurich in terms of settlement discussions and negotiations.

15. Gallagher Bassett is responsible for all the actions of its retained Defense Counsel in the Underlying Action in terms of settlement discussions and negotiations.

16. As outlined in the pleadings in the Underlying Action (incorporated herein by reference), the Plaintiffs brought distinct claims against the Middlesex Corporation and its employee, the driver of its 1999 Mack Dump Truck that was involved in the collision that has been the subject of the litigation in the Underlying Action.

17. After commencement of the Underlying Action, Gallagher Bassett, as the third-party claims administrator for Zurich responsible for adjusting the claim, chose Kenneth Walton of Lewis, Brisbois to defend the Middlesex and its former employee Amanda Collins. Defense Counsel defended both Defendants through the course of the Underlying Action litigation.

18. Seeking to avoid prolonged litigation, on or about June 13, 2018, before serving the Complaint on the underlying Defendants, the Plaintiffs made the initial demand for settlement of the claim to Gallagher Bassett in the amount of $1 million (the amount of the available limits of the Zurich insurance policy insuring Middlesex and its employees).

19. Not receiving any written reply whatsoever, the Plaintiffs sent a second letter to Gallagher Bassett dated July 25, 2018, reminding the adjuster of the duty under Massachusetts law for an insurance company to act reasonably to effect a fair and prompt settlement of the Plaintiffs' claims.

20. The Plaintiffs received no written reply to these two Demand letters. Consequently, with the statute of limitations on the claim approaching, the Plaintiffs had no choice but to file suit against the Middlesex and its driver. The Plaintiffs' Complaint was docketed in the United States Federal Court, for the District of Massachusetts, and assigned docket number, 1:18-cv-11667.

21. On August 23, 2020, Defense Counsel filed an Answer on behalf of the underlying Defendants.

22. In said Answer, the Defendants essentially denied all responsibility for the subject collision.

23. During the ensuing months, while discovery was pursued by the parties in Federal Court, no response to said Demand was ever made by Zurich (or its claims management representatives at Gallagher Bassett). On or about August 31, 2019, the factual discovery in the Underlying Litigation ended after the exchange of documents and the scheduling of numerous oral depositions.

24. On the morning of June 6, 2019, Defense Counsel left a voicemail message with Plaintiffs' Counsel, requesting a call back.

25. In response, Plaintiffs' Counsel returned the phone call and spoke to Defense Counsel on the latter's cell phone. Defense Counsel stated that it would make sense for the parties to

explore settlement since the factual depositions had concluded. He added, however, that the Plaintiffs' Demand was a "non-starter" for negotiations.

26. Defense Counsel generally stated that the Plaintiffs would need unilaterally to back off their initial Demand of $1 million before Zurich and Gallagher Bassett would make any settlement offer.

27. Plaintiffs' Counsel stated that the Plaintiffs would not unilaterally back off from their Demand, but he would relate to the Plaintiffs any offer of settlement made by Zurich and Gallagher Bassett.

28. In that telephone conversation of June 6, 2019, no offer of settlement was extended by Zurich and Gallagher Bassett through Defense Counsel.

29. The parties proceeded with the litigation. The Court ordered the parties attorneys to appear for a status conference at the courthouse on September 5, 2019.

30. During the conference, Judge Burroughs asked the attorneys whether the case was going to go to trial.

31. Plaintiffs' Counsel responded that he had a long-outstanding Demand for settlement to which he had received no offer. Counsel for the Defendants at the hearing was an Associate Attorney with Lewis Brisbois (not Attorney Walton). She responded that the Defendants would be reviewing their position on settlement after the Plaintiffs made their expert disclosures.

32. Because there was no admission of fault by the Defendants who still refused to take responsibility for the collision and resulting injuries and losses, the Plaintiffs proceeded to disclose numerous experts to support their liability and damages claims before the court-imposed deadline of on or about October 1, 2019.

33. After receiving the Plaintiffs' expert disclosures, Defense Counsel provided no response to the Plaintiff's long-outstanding Demand, contrary to their commitment to the Court at the September 5, 2019, status conference.

34. Instead, Defense Counsel made its disclosure of three experts on or about November 18, 2019, which included no expert countering the Plaintiffs' experts' opinions on fault for collision; the Defense thereby essentially conceding the cogency of the Plaintiffs' opinions on liability and fault for the collision. However, up to the present the Defendants have not admitted fault nor accepted responsibility for the collision and the harms and losses caused by the collision.

35. On or about January 3, 2020, Plaintiffs' Counsel provided Rebuttal Expert opinions. The Rebuttal Opinions pointed to the flagrant unreliability of the Defense Experts' Opinions.

36. Because there still had been no offer of settlement or substantive discussion about settlement since the Plaintiffs' Demand letter of June 13, 2018, Plaintiffs' Counsel sent a letter to Defense Counsel dated January 13, 2019, captioned: "Further Demand For Relief Pursuant to M.G. L. Chapter 93A, Sec. 9."

37. With said letter Plaintiffs' Counsel sought to remind the Defendants in this proceeding of their obligation "to effectuate prompt, fair, and equitable settlements of claims in which liability had become reasonably clear." M.G.L. Chapter 176D, Section 3 (9)(f).

38. Defense Counsel responded to the January 13 letter with his dated February 11, 2019. With said letter Defense Counsel made two broad points: (1) that the Defense Experts "specifically refute the Plaintiffs' alleged damages in this case"; and (2) that Plaintiffs' Counsel had never responded to an offer transmitted to Plaintiffs' Counsel by Defense Counsel over the phone on June 6, 2019.

39. Defense Counsel had not on June 6, 2019, nor at any other time prior to February 11, 2020, communicated a verbal settlement offer to Plaintiffs' Counsel of $50,000.

40. In reply, Plaintiffs' Counsel denied that a $50,000 had ever been transmitted to him and asked for any written proof that such an offer had been made.

41. Twice, thereafter, Defense Counsel repeated his, what was clearly now an, intentional misrepresentation of the state of settlement discussions.

42. Defense Counsel intentionally misrepresented the state of settlement to cover the blatant failure by the Defendants in this litigation to make any substantive effort at settlement.

43. The intentional misrepresentations by Defense Counsel only stopped after Plaintiffs' Counsel received on February 18, 2020, the written transcript of the status conference with the court that had occurred on September 5, 2019.

44. Defense Counsel himself had not been present at that status conference and thus was not directly aware of the discussion about the absence of any settlement discussion as of that date.

45. At no time following the production of the transcript of the September 5, 2019, status conference, did Defense Counsel apologize or contend that his statements were made mistakenly.

46. With his letter of February 11, 2020, Defense Counsel made the first offer of settlement on behalf of the Defendants in the amount of $75,000.

47. Upon information and belief this first offer of settlement in the amount of $75,000 was the first one authorized by the Defendants.

48. In response to the offer of settlement in any amount of $75,000 extended on February 11, 2020, Plaintiffs' Counsel responded with a lower demand of $899,000 by letter dated on February 14, 2020.

49. No one on behalf of the Defendants Zurich and Gallagher Bassett responded to the counterproposal for settlement made by the Plaintiffs on February 14, 2020, as of the date of this Complaint.

**COUNT 1: CHAPTER 93 A – 176D VIOLATION AGAINST GALLAGHER BASSETT AND ZURICH**

50. The Plaintiffs hereby reallege and repeat paragraphs 1 through 49 of this Complaint the same manner and fashion as if expressly set forth herein.

51. Gallagher Bassett, as a third-party claims administrator for Zurich, and Zurich owed the Plaintiffs a duty of care to effectuate fair and prompt settlement of Plaintiffs in the Underlying Action.

52. The Defendants breach said duty of care, in its, at its retained and supervised Defense Counsel both pre-verdict and as of the date of this Complaint (in that no further offer of settlement was made beyond the initial offer of $75,000).

53. Specifically, the Defendants violated c. 176D, s 3(9) by:

    a. Intentionally misrepresenting pertinent facts as to when its first offer of settlement was made;

    b. Purposely failing to acknowledge and act reasonably promptly with respect to Plaintiffs' claim by:

        i.  failing to respond timely to Plaintiffs' Demand; and

    ii. failing to keep its insured apprised of Plaintiffs' Demand, the status of litigation, and the status of settlement discussions;

c. Purposely failing to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claims in the Underlying Action, as evidenced by the lack of any independent offers from Gallagher Bassett despite the obvious understanding of the facts that Middlesex Defendants were clearly at fault for the collision; and

d. Purposely failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim when liability have become reasonably clear during the discovery process in the Underlying Action.

### COUNT 2: CHAPTER 93 A – 176D VIOLATION AGAINST ZURICH

54. The Plaintiffs hereby reallege and repeat paragraphs 1 through 53 of this Complaint the same manner and fashion as if expressly set forth herein.

55. Zurich, which retained Gallagher Bassett, as a third-party claims administrator for Zurich, owed the Plaintiffs an independent duty of care to effectuate fair and prompt settlement of Plaintiffs' claims in the Underlying Action.

56. Zurich, consistent with said independent duty of care, had a duty to monitor and supervise the claims handling practices of its agents, Gallagher Bassett.

57. Notwithstanding said independent duty of care, Zurich in breach thereof failed reasonably to monitor and supervise the claims handling practices of its agent Gallagher Bassett.

58. As a direct and proximate result of the failures of Zurich to perform its independent duty of care, Gallagher Bassett was allowed to commit the aforereferenced statutory breaches of duty as set forth in Count 1 hereof.

59. As a result of the violations of c. 176D, s 3(9) by Zurich and its agent Gallagher Bassett were grossly negligent, when they violated c. 93A, and caused the Plaintiffs to suffer damages.

60. Plaintiffs' damages include, but are not limited to, the eventual judgment amount entered after the trial of the Underlying Action as well as post judgment interest at the rate of 12% per annum, until said judgment is satisfied in full.

61. The violations of chapters 93 A and 176 D by Gallagher Bassett and Zurich were willful and/or knowing.

62. The Plaintiffs seek a stay of this proceeding, pending the verdict after trial of the Underlying Action.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for double or treble the amount of the judgment in the Underlying Action plus attorney's fees and costs.

Respectfully submitted,  
RICHARD RICH AND LORI BRYAN  
By and through their attorneys,  
SHAHEEN & GORDON, P.A.

Dated: July 8, 2020       By:  /s/ Francis Murphy  
Francis Murphy, Esq.  
BBO #362470  
180 Bridge Street  
Manchester, NH 03104  
(603) 669-8080  
fmurphy@shaheengordon.com